# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20592
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALIM OMAR BALOUCH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-429-7

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Salim Omar Balouch appeals the sentence imposed following his conviction for conspiring to possess with intent to distribute one kilogram or more of a mixture or substance containing heroin. He raises two challenges to the district court's application of the Sentencing Guidelines.

First, Balouch argues that the district court erred in assessing the three-level role adjustment of U.S.S.G. § 3B1.1(b), based on a finding that he acted

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20592

as a manager or supervisor in the conspiracy.  The record evidence shows that the conspiracy involved five or more participants, including Balouch, the indicted conspirators who were involved in the distribution of bulk heroin obtained from Balouch, and the unindicted conspirators who assisted with the smuggling activity.  *See United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001); § 3B1.1, comment. (n.1).  The district court's assessment of the § 3B1.1(b) adjustment is plausible in light of the record and does not constitute clear error, given that Balouch conceded that he managed one of the other members of the conspiracy and in light of the findings that he was the source of the bulk heroin, had authority to set its price and the minimum quantity he would ship, engaged in discussions concerning smuggling routes, and offered to locate alternative smugglers to assist with trafficking if one failed.  *See United States v. Akins*, 746 F.3d 590, 609-10 (5th Cir. 2014); *United States v. Palomo*, 998 F.2d 253, 257-58 (5th Cir. 1993).

Next, Balouch challenges the district court's drug quantity determination under U.S.S.G. § 2D1.1(c)(1), arguing that he should not have been held accountable for 61 kilograms distributed to one co-defendant and 36 kilograms distributed to another.  It was plausible for the district court to include the 61-kilogram figure in determining the drug amount attributable to Balouch because its distribution involved a common accomplice (a co-defendant), a common purpose (trafficking bulk heroin from Afghanistan), and common modes of operation (shipping the bulk heroin to Tanzania and using a human hostage to secure payment).  *See United States v. Nava*, 957 F.3d 581, 587-88 (5th Cir. 2020).  It was likewise plausible for the court to include the 36-kilogram amount.  *See id.*  However, even if the court erred in including the 36-kilogram amount, Balouch's base offense level remains unchanged because he does not challenge an additional 40.46 kilograms of heroin for which he was

No. 19-20592

held accountable, thus rendering any error harmless.  *See* § 2D1.1(c); *United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002).

AFFIRMED.